UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BUCKLEY and NANCY BUCKLEY, <br><br> Plaintiffs, <br><br> v. <br><br> DJO SURGICAL fka ENCORE MEDICAL L.P., and DOES 1 through 20, <br><br> Defendant. | Civil No. 11cv2804 L (MDD) <br><br> **ORDER DENYING IN PART AND GRANTING IN PART EX PARTE MOTION TO VACATE ORDER and DISMISSING ACTION WITH PREJUDICE [doc. #36]** |

The Court granted without prejudice defendant's motion for judgment on the pleadings on October 11, 2012. Prior to the entry of that decision, the parties had already fully executed a settlement agreement but failed to notify the Court of their resolution by requesting dismissal of the case. Plaintiffs now move ex parte for the Court to vacate its October 11, 2012 Order and dismiss the case with prejudice because of the settlement. Defendant opposes that portion of the ex parte motion that seeks to vacate the October 11, 2012 Order . Plaintiffs have replied.

Defendant first argues that plaintiffs have failed to meet or even articulate the Federal Rule of Civil Procedure 60(b) standard for vacating an order of the court.

A court may set aside a judgment or order only upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

>discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

In their reply, plaintiffs acknowledge that it was their responsibility to prepare and file a notice of voluntary dismissal upon settlement of the action and prior to the Court's ruling on defendant's then-pending motion. But they contend that the delay "was an office misunderstanding and amounts to, at most, excusable neglect." (Reply at 1.) Thus, it appears that plaintiffs seek to have the Court's order vacated under Rule 60(b)(1) only.

*Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect. 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*). The determination whether neglect is excusable is an equitable one that depends on at least four factors:

>(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395).

Here, plaintiffs do not contend that they would suffer any prejudice if the Order remains on the Court's record. But defendant argues it would suffer prejudice because this Court's Order has been submitted as supplemental authority in a similar case in the United States District Court for the Middle District of Pennsylvania. As the parties are clearly aware, a decision from this district is of little consequence to the Pennsylvania court. Thus, vacating this Court's Order would not prejudice defendant.

Plaintiffs' failure in submitting the notice of dismissal of the action required the Court to expend significant time and energy in considering defendant's motion and preparing the relevant Order.  Had the notice of dismissal been promptly filed after the settlement was executed, the Court's limited resources could have been directed in a needed way. Of note, plaintiffs did not seek to have the Court's Order vacated and the action dismissed until October 29, 2012 –

approximately six weeks after the matter had settled and 18 days after the entry of the Court's Order. "An office misunderstanding" does not begin to explain or justify plaintiffs' failure to promptly provide notice to the Court of settlement or to file their current ex parte motion to set aside the Court's Order. (*See* Plaintiffs' Reply at 1.)

Plaintiffs did not just briefly delay notifying the Court but instead failed to file the notice of dismissal which was clearly within the reasonable control of plaintiffs' counsel. Such a failure to timely advise the Court that a decision on the merits of a then-pending motion would be unnecessary because the entire case had been resolved suggests a lack of good faith on the part of cousel.

On balance, the Court finds counsel's neglect to not be excusable. Nevertheless, it is apparent the parties anticipated with their settlement that this action would be dismissed with prejudice. Accordingly, the Court will grant this portion of plaintiffs' request.

Based on the foregoing, **IT IS ORDERED** denying plaintiffs' ex parte motion to vacate order and granting plaintiffs' ex parte motion to dismiss action with prejudice in accordance with the parties' settlement agreement. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: November 12, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL